UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK GONZALES,<br><br>      Plaintiff,<br><br>  v.<br><br>HOME SAVINGS OF AMERICA, F.A., et al.,<br><br>      Defendants. | Case No.  12-cv-01987-EDL<br><br>**ORDER OF DISMISSAL FOR FAILURE TO PROSECUTE** |

This mortgage case was removed from San Benito Superior Court on April 20, 2012. On May 14, 2012, pursuant to the request of FDIC as Receiver for Defendant Home Savings of America, the Court issued an order staying the case pursuant to the Financial Institutions Reform, Recovery and Enforcement Act ("FIRREA"),12 U.S.C. § 1821(d)(12)(B), to allow Plaintiff time to exhaust the administrative claims process under FIRREA. On November 12, 2012, FDIC filed a status report informing the Court that because Plaintiff had failed to comply with all of the administrative procedures, FDIC disallowed his administrative claim.  FDIC also informed the Court that Plaintiff was participating in a trial loan modification program under the Home Affordable Mortgage Program ("HAMP"), and that a loan modification could become permanent. Accordingly, the Court extended the stay until February 18, 2013 and required Plaintiff to file a status report indicating whether he successfully completed the loan modification process through HAMP.  Thereafter, the Court granted Plaintiff's counsel's request to withdraw as counsel and Plaintiff never informed the Court as to the status of the loan modification.  On May 20, 2013, the Court granted FDIC's request for an additional 45 days to file a motion to dismiss or transfer the action.  Since that time, no action has been taken by any party.

It is within the inherent power of the court to sua sponte dismiss a case for lack of prosecution.  Link v. Wabash Railroad Company, 370 U.S. 626, 630 (1962).  Only "unreasonable"

1   delay will support a dismissal for lack of prosecution.  Nealey v. Transportation Maritima
2   Mexicana, S.A., 662 F.2d 1275, 1280 (9th Cir.1980).  Here, almost two and a half years has
3   passed since any party has taken action in this case, making the delay unreasonable.

4   Further, a district court must weigh five factors in determining whether to dismiss a case
5   for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the
6   court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy
7   favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions."
8   Malone v. U.S. Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987).  It is not necessary for a district
9   court to make explicit findings to show that it has considered these factors.  Id.  The court having
10  considered the five factors set forth in Malone, and having determined that notwithstanding the
11  public policy favoring the disposition of actions on their merits, the court's need to manage its
12  docket and the public interest in the expeditious resolution of the litigation require dismissal of
13  this action.

14  Accordingly, this action is dismissed pursuant to Fed. R. Civ. pro. 41(b) for plaintiff's
15  failure to prosecute.

16  **IT IS SO ORDERED.**

17  Dated: September 10, 2015

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge